a

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **DOMINIQUE JOHNSON #61630-066,**<br>**Plaintiff** | **CIVIL DOCKET NO. 1:26-CV-00559**<br>**SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **USA ET AL,**<br>**Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

**REPORT AND RECOMMENDATION**

Before the Court is a Complaint filed by pro se Plaintiff Dominique Johnson ("Johnson"), a federal prisoner confined at the United States Penitentiary Coleman I in Coleman, Florida. Johnson names as Defendants the United States of America, the Warden and Assistant Warden at the United States Penitentiary in Pollock ("USP Pollock"), Lieutenant Futrel, Captain Bledsoe, SIS Agent Brantley, and the Federal Correctional Complex. ECF No. 1 at 3.

Because Johnson fails to state a viable claim against the Warden, Assistant Warden, or Federal Correctional Complex, the claims against those Defendants should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

Liberally construed, the Complaint alleges that while incarcerated at USP Pollock between approximately November 13, 2024, and March 2025, Bureau of Prisons ("BOP") employees, together with certain inmates, engaged in an ongoing conspiracy to discriminate against Johnson because of his Muslim faith, place him

in administrative segregation, and deprive him of his personal property. ECF No. 1 at 5-53.

Johnson identifies himself as a practicing Muslim who follows the Salafi methodology of Islam. He alleges that prison officials improperly required him to recognize another inmate, Perry Cousins, as his imam or religious representative despite Johnson's objections that Cousins did not properly practice Islam. ECF No. 1 at 9, 27-35. Johnson asserts that prison officials permitted Cousins and another inmate, Tensley, to exercise authority over Muslim inmates, relay inmate grievances, and influence prison decisions affecting Muslim prisoners. ECF No. 1 at 11-21. Johnson contends this arrangement substantially burdened his ability to practice his religion according to his sincerely held beliefs. ECF No. 1 at 24-35.

Johnson further alleges that, on November 13, 2024, following a verbal disagreement with Cousins the previous day, Lieutenant Futrel, Captain Bledsoe, and SIS Agent Brantley removed him from his housing unit during an institutional lockdown after informing him that his life was in danger. ECF No. 1 at 24, 32-36. Johnson maintains that neither he nor his cellmate believed they were in danger and that prison officials nevertheless escorted him to the lieutenant's office before placing him in the Special Housing Unit ("SHU"). *Id.* at 24-25, 32-36. He alleges that prison officials falsely represented that he required protective custody and placed him in administrative detention in retaliation for his disagreement with Cousins and his objections regarding the way Muslim inmates were managed at USP Pollock. *Id.* at 23-26, 32-36.

Johnson also alleges that prison officials failed to comply with BOP policies governing administrative detention and SHU placement, including required reviews of his detention status. *Id.* at 43-45. He further alleges that, when he was removed from his cell, prison officials failed to inventory or secure his personal property, resulting in the loss of commissary items, clothing, shoes, and other personal belongings. *Id.* at 25-26, 42-45.

Throughout the complaint, Johnson repeatedly alleges that prison officials favored Cousins and Tensley, permitted them to exercise improper influence over prison operations involving Muslim inmates, ignored their misconduct, and retaliated against Johnson when he questioned their authority or attempted to practice his religion independently. *Id.* at 11-45.

Johnson seeks compensatory damages, return of his property, an apology from Defendants, retraining of BOP personnel, and any additional relief the Court deems appropriate. ECF No. 1 at 4, 8.

## II. Law and Analysis

Johnson alleges that the Warden and Assistant Warden participated in a conspiracy to discriminate against him and deprive him of his rights. However, the Complaint contains no factual allegations describing when any agreement was reached, the nature of the agreement, the role each Defendant allegedly played in the conspiracy, or facts from which the Court could reasonably infer a meeting of the minds. *See Thompson v. Johnson*, 348 F. App'x 919, 920 (5th Cir. 2009). Instead, Johnson relies on conclusory assertions that the supervisory officials

"conspired" with subordinate employees and inmates. Such bare allegations are insufficient to state a plausible claim for civil conspiracy. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious liability or *respondeat superior. See Reagan v. Burns*, 3:16-CV-2590-G-BH, 2019 WL 6733023, at *8 (N.D. Tex. Oct. 30, 2019), *recommendation adopted,* 2019 WL 6729085 (N.D. Tex. Dec. 10, 2019). "[E]ach Government official . . . is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. at 677 (2009).

Because Johnson fails to state any viable claim against the Warden or Assistant Warden, the claims against them should be denied and dismissed with prejudice.

Finally, Johnson fails to state a viable claim against the Federal Correctional Complex in Pollock, Louisiana. A correctional complex is not a juridical entity capable of being sued. To the extent Plaintiff asserts claims under the FTCA, the United States is the only proper defendant. *Walters v. Smith*, 409 F. App'x 782, 783 (5th Cir. 2011). Likewise, a *Bivens* action may not be maintained against a federal agency or institution. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) Accordingly, all claims against FCC Pollock should be dismissed.

## III. Conclusion

Because Johnson fails to state a viable claim against the Warden, Assistant Warden, or Federal Correctional Complex, IT IS RECOMMENDED that the claims

against those Defendants be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915A and 1915(e).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, July 17, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE